UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20034-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,
vs.

**BILLY OLVERA**,

    Defendant.
_____/

# ORDER

THIS CAUSE came before the Court on the Government's Unopposed Motion for a Protective Order Authorizing Disclosure of Sensitive Information [ECF No. 10]. Being fully advised, it is

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**. The United States is authorized sensitive information in its possession that the United States believes necessary to comply with the discovery obligations imposed by this Court.

The United States shall mark that portion of the discovery that includes this sensitive information as "Confidential."

Counsel of record for the Defendant shall hold the discovery materials in strict confidence, disclosing the information marked Confidential to counsel's client, staff, investigators, and witnesses only to the extent counsel believes is necessary to assist in the defense of this matter.

Counsel of record for the Defendant shall advise any person to whom the discovery materials are disclosed that the information must be held in strict confidence and the recipient may not further disclose or disseminate the information. Counsel of record for the Defendant

CASE NO. 24-20034-CR-ALTONAGA

shall advise any person to whom the Confidential portion of the discovery is disclosed that such information shall be held in strict confidence and that further disclosure or dissemination is prohibited without defense counsel's express consent.

Defense counsel may discuss with and show the Defendant copies of the Confidential portion of Discovery, but may not provide the Defendant with copies of the Confidential portion of Discovery.  Under no circumstance shall defense counsel permit the Defendant or any other individual to remove the Confidential portion of Discovery from defense counsel's office, retain any copies of the Confidential portion of Discovery, or reproduce in any manner the Confidential portion of Discovery.  To the extent defense counsel wants to provide copies of Discovery that is marked Confidential to the Defendant, defense counsel agrees that prior to providing copies to the Defendant, the following Sensitive Information (other than that information belonging to the Defendant) will be redacted consistent with Federal Rule of Criminal Procedure 49.1, the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(1), the Privacy Act, and CM/ECF Administrative Procedures, Section 6, Redaction of Personal Information, Privacy Policy, and Inappropriate Materials. Defense counsel agrees to keep copies in their files of the redacted versions of all Discovery marked Confidential that are provided to a defendant.

Counsel of record for the Defendant shall obtain a certification from each person, except the Defendant, to whom the Confidential portion of the discovery is disclosed, in which the recipient, (1) acknowledges these restrictions as set forth in the Protective Order of the Court and (2) agrees that he or she will not disclose or disseminate the information without express consent of defense counsel.  Counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the discovery and the date on which such information was first disclosed.

CASE NO. 24-20034-CR-ALTONAGA

Furthermore, the United States is authorized to disclose to counsel of record for the Defendant sensitive information that the United States has acquired in its investigation. The United States and the attorneys for the United States associated with this case are hereby protected in the disclosure of these materials.

Nothing in this Protective Order shall preclude the parties from presenting redacted versions of the documents marked Confidential to witnesses and/or offering such documents as exhibits at trial.

**DONE AND ORDERED** in Miami, Florida, this 15th day of March, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record