UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-20034-CMA

**UNITED STATES OF AMERICA**

v.

**BILLY OLVERA,**

    **Defendant.**

_____/

### GOVERNMENT'S RESPONSE TO
### THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order (DE 7). This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

    A.

1. The government is unaware of any written or recorded statements made by the defendant(s).

2. No defendant testified before the Grand Jury.

3. The defendant has no known prior criminal record.

4. Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

5. The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

    6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

F. No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft

    allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

  The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

  The undersigned produced discovery to the defense via USAfx on March 21, 2024. The discovery is Bates stamped BOL_0001 through BOL_0067. Portions of the discovery are subject to the Court's protective order (DE 10). The discovery subject to the protective order is designated as such. The discovery also includes numerous video files, produced in their native format. Please contact the undersigned Special Assistant United States Attorney if any pages are missing or if there are any issues accessing the discovery.

           Respectfully submitted,

           MARKENZY LAPOINTE
           UNITED STATES ATTORNEY

         By: */s/ Elizabeth Noonan-Pomada*
           Elizabeth Noonan-Pomada
           Special Assistant United States Attorney
           Court ID No. A5503134
           99 Northeast 4th Street
           Miami, Florida 33132-2111
           Tel: (305) 961-9102
           Elizabeth.noonan-pomada2@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 21, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

      By:   */s/ Elizabeth Noonan-Pomada*
              Elizabeth Noonan-Pomada