UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-20034-CMA

UNITED STATES OF AMERICA

v.

BILLY OLVERA,

    **Defendant.**

_____/

### UNITED STATES' TRIAL BRIEF ON POSSIBLE DEFENSE ARGUMENTS CONCERNING JURY NULLIFCATION

The United States of America, through the undersigned counsel, files this Trial Brief on the possible defense arguments concerning jury nullification. As discussed below, this Court should preclude certain evidence and arguments at trial.[1]

**I.      Offense Conduct**

For purposes of this section, the United States hereby incorporates the facts contained within its Response to the Defendant's Motion *in Limine*, as set forth in Docket Entry 17.

**II.     Memorandum of Law**

The Court should preclude jury nullification commentary, questioning, evidence and argument, including arguments and evidence intended solely to invoke sympathy for the Defendant. More specifically, the Defendant should be precluded from introducing evidence or argument intended to evoke sympathy because: 1) the Defendant may potentially face imprisonment or a conviction; 2) the Defendant may be terminated from his employment as a result of this incident or conviction; and 3) the Defendant may lose his law enforcement pension as a

---

[1] The undersigned Assistant United States Attorney has conferred with counsel for the defense, who does not oppose this requested relief.

result of this incident or conviction. Such evidence is wholly irrelevant to the Defendant's guilt or innocence for the charged offense, and should therefore be excluded.

The jury's decision "must be based only on the evidence presented," and they may not "be influenced in any way by either sympathy for or prejudice against," the parties. Eleventh Circuit Criminal Pattern Jury Instruction B2.1. As such, nullification – including nullification based on sympathy – is "a violation of a juror's oath to apply the law as instructed by the court – in the words of the standard oath administered to jurors in the federal courts, to 'render a true verdict according to the law and the evidence.'" *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) (citation omitted).  The Eleventh Circuit has unequivocally disapproved of the practice and has issued clear instructions that "defense counsel may not argue jury nullification in closing argument." *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983); *see United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) (collecting cases in support of proposition that a defendant cannot make arguments geared towards nullification). This includes evidence or argument related to the consequences of conviction. It is well established that a jury serves no sentencing function. *Shannon v. United States*, 512 U.S. 573, 579 (1994). The principle "that juries are not to consider the consequences of their verdict is a reflection of the basic division of labor between judge and jury." *United States v. Jean-Charles*, 696 F. App'x 405, 409 (11th Cir. 2017). "Providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." *Id*.

Any evidence or arguments that the jury should ignore the evidence proving guilt or innocence as to those offenses, and instead base their decision on sympathy, is plainly improper.

The United States further requests that the Defendant be barred from eliciting improper character evidence that: (1) is offered only to prove that on this particular occasion the Defendant acted in accordance with her purportedly good character; (2) is not related to a pertinent trait of the Defendant; or (3) takes the form of improper "specific instance" evidence. Under F.R.E. 404(a)(1), evidence "of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." As such, the Defendant should be barred from introducing any argument or evidence as to his lack of criminal history or disciplinary history during his employment, or that he is "generally a good person." That evidence could only be used to argue that, in this case, the Defendant acted in accordance with his history or character, which is prohibited by F.R.E. 404(a)(1).

One exception to the rule in F.R.E. 404(a)(1) is that the "defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." F.R.E. 404(a)(2)(A). This rule is generally used to allow evidence of the "peacefulness" of the defendant in violent cases, or "honesty" of the Defendant during fraud cases. Here, it is unclear what character trait of the Defendant would be pertinent to the charge in question. Thus, the Defendant should be barred from admitting character evidence at trial.

Further, if the Court finds that certain character evidence is admissible, that evidence should be limited to reputation or opinion testimony and must not include references to specific instances of conduct. Under F.R.E. 405(a), when "evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the Court may allow an inquiry into relevant specific instances of the person's conduct." However, "specific instances of conduct are inadmissible as character evidence, except in 'cases in which character or a trait of

character of a person is an essential element of a charge, claim, or defense.'" *United States v. Ellisor*, 522 F.3d 1255, 1271 n.22 (11th Cir. 2008) (*citing* Fed. R. Evid. 405(b)). Thus, for instance, when a "defendant raises an entrapment defense, the government is permitted to introduce specific instances of conduct designed to show that the defendant was predisposed to commit the crime of which he was accused." *United States v. Rutgerson*, 822 F.3d 1223, 1239 (11th Cir. 2016).

Here, the Defendant's character is not an essential element of a charge, claim or defense. As such, any character witnesses should be limited to opinion or reputation testimony. Specific instances of conduct supporting the opinion or reputation testimony are inadmissible under F.R.E. 405 and Eleventh Circuit precedent. The Defendant should therefore be barred from eliciting such testimony

## **CONCLUSION**

For the foregoing reasons, the Court should grant the relief requested by the United States herein.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   /s/ *Brooke Elise Latta*
Brooke Elise Latta
Assistant United States Attorney
Florida Bar No. 37132
99 NE 4th Street
Miami, Florida 33132
Tel: (305) 961-9349
Email:  brooke.latta@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that the foregoing has been served on all attorneys of record in the above-captioned case via email, and filed via CM/ECF with the Clerk of Courts.

By: */s/ Brooke Elise Latta*
Brooke Elise Latta
Assistant United States Attorney

Dated:   March 20, 2024