UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20034-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**BILLY OLVERA**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant, Billy Olvera's Motion for Judgment of Acquittal [ECF No. 59], filed on June 5, 2024; to which the Government filed a Response [ECF No. 60]. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Motion is denied.

**I.  BACKGROUND**

On May 22, 2024, a jury convicted Defendant of violating 49 U.S.C. section 46504 by intimidating a flight attendant; interfering with the performance of the flight attendant's duties; and lessening the flight attendant's ability to perform her duties while on board an American Airlines flight from Dallas, Texas, to Miami, Florida. (*See generally* Jury Verdict [ECF No. 50]; Indictment [ECF No. 1] 1).[1] Under 49 U.S.C. section 46504,

> [a]n individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title 18, imprisoned for not more than 20 years, or both.

---

[1] The Court relies on the pagination generated by the Case Management/Electronic Case Files system, which appears in the header on all filings.

*Id.* (alteration added).

At trial, the jury heard testimony from the flight attendant and her co-worker, both of whom were working on the flight in question. The flight attendants testified Defendant: brazenly took photos of the flight attendant, close enough to her that she saw him in the act;[2] raised his aisle armrest, which they testified was unusual; repeatedly brushed against the flight attendant when she walked by in the aisle; and continually talked to the flight attendant, including commenting on her shoe choices, which she testified made her uncomfortable. The women further testified they learned important contextualizing details from a pre-flight manifest: Defendant was an armed federal law enforcement officer, and he had switched seats with the detainee he was accompanying to sit in the seat closer to the aisle (and to the flight attendant walking down the aisle). The flight attendant testified that in response to Defendant's conduct, she switched duty zones with a male flight attendant, abruptly abandoning her assigned area of the airplane when Defendant went to the bathroom.

During trial, Defendant and the Government disagreed over the proper instructions to the jury regarding Defendant's intent. The Government proposed a modification to the 11th Circuit Pattern Jury Instructions, to include: "[t]he Government does not have to prove that the Defendant intended to intimidate the flight attendant or intended to interfere with her performance of her duties." (Proposed Instrs. to the Jury [ECF No. 32] 24 (alteration added; citation, emphasis, and footnote call number omitted)). Defendant objected to that portion of the Government's proposed jury instructions. (*See generally* Def.'s Objs. to Government's Proposed Jury Instrs. [ECF No. 46]). The Court revised the proposed instruction to read: "[t]he Government does not have to prove that the Defendant acted with the intent to intimidate the flight attendant or acted with the

---

[2] Forensic evidence, including corroborating photos and videos taken from Defendant's phone, were also admitted.

intent to interfere with her performance of her duties." (Court's Instrs. to the Jury [ECF No. 49] 4 (alteration added)). Both parties agreed to the revised Instructions.

The Court gave the jury the Eleventh Circuit Pattern Jury Instructions:

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant was on an aircraft in flight in the United States;

(2) the Defendant *knowingly intimidated* or attempted to intimidate a flight attendant of the aircraft; and

(3) the intimidation interfered with or lessened the ability of the flight attendant to perform her duties.

(*Id.* (emphasis added)); *see also* Eleventh Circuit Pattern Jury Instruction Criminal O118. Defendant's present challenge focuses on the second element: that Defendant knowingly intimidated or attempted to intimidate the flight attendant. (*See* Mot. 4–6).

The Court's Instructions also included the Eleventh Circuit Pattern Instruction for "knowingly": "[t]he word 'knowingly' means that an act was done voluntarily and intentionally and not because of a mistake or by accident." (Court's Instrs. to the Jury (alteration added) 4). The Court further read the Eleventh Circuit Pattern Instruction for the definition of intimidation:

To "intimidate" someone is to intentionally say or do something that would cause a person of ordinary sensibilities to fear bodily harm. It is also to say or do something to make another person fearful or make that person refrain from doing something that the person would otherwise do — or do something that the person would otherwise not do.

(*Id.*).

Defendant now revives his arguments regarding requisite intent, asserting he is entitled to a judgment of acquittal because he did not knowingly intimidate the flight attendant. (*See generally* Mot.).

## II. LEGAL STANDARD

In considering a request for a judgment of acquittal under Federal Rule of Criminal

3

Procedure 29(c), "a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction." *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999) (citation omitted). This means a "verdict of guilty must stand if there is substantial evidence to support it[.]" *United States v. Toler*, 144 F.3d 1423, 1428 (11th Cir. 1998) (alteration added; citation omitted). Any conflicts in the evidence are resolved in favor of the Government, and all inferences that tend to support the Government's case must be accepted. *See Ward*, 197 F.3d at 1079. The Court is to determine "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.* (citations omitted); *see also United States v. Medina*, 485 F.3d 1291, 1296–97 (11th Cir. 2007).

### III.  DISCUSSION

Defendant argues a "fair reading" of the Court's Instructions "would require that, in order for him to 'knowingly intimidate' someone, Defendant would have to, at minimum, be aware of the act of intimidation."[3] (Mot. 4 (emphasis omitted)). He further contends, "[f]or Defendant to knowingly intimidate someone, he would at least need to be aware that the person was, in fact, being intimidated by him." (*Id.* 6 (alteration added)). Here, however, Defendant states he was acting surreptitiously and did not want his photographic voyeurism to be noticed. (*See id.*).

Defendant fails to persuade. First, the Court does not accept Defendant's reading of the statute. Second, even if the Court were to adopt Defendant's interpretation, a reasonable jury — resolving inferences in the Government's favor — could still have concluded Defendant was guilty beyond a reasonable doubt.

Published Eleventh Circuit caselaw runs counter to Defendant's interpretation of the statute. *See United States v. Grossman*, 131 F.3d 1449 (11th Cir. 1997) (per curiam). In

---

[3] Defendant does not raise any arguments regarding the interference prong of his conviction, nor does he dispute he was on an aircraft in flight in the United States. (*See generally* Mot.).

*Grossman*, the Eleventh Circuit rejected the defendant's argument "that the government was required to prove . . . that he *intended* to intimidate a flight attendant[.]" *Id.* at 1451 (alteration and emphasis added); *see also United States v. Fontanez-Mercado*, 368 F. App'x 69, 72 (11th Cir. 2010) (per curiam) ("The government is not required to prove that a defendant intended to interfere with the performance of a crew member.").

Defendant seemingly concedes this point. (*See* Mot. 5). Still, he argues, even if the Government does not have to prove he *intended* to intimidate the flight attendant, the Government still must show he *knew* he was intimidating the flight attendant. (*See id.* 4–6). As Defendant tells it, the point of his filming was to remain surreptitious, and he had no idea the flight attendant had seen his behavior; in his mind, he was taking photos and videos unseen. (*See id.*). As a result, Defendant contends, he could not have *known* he was intimidating the flight attendant, which he argues the statute requires. (*See id.*). "Defendant's reading of the statute asks too much." *United States v. Lynch*, 881 F.3d 812, 817 (10th Cir. 2018).

In fact, the Eleventh Circuit has rejected a similar argument about a comparable statute in *United States v. Ettinger*, 344 F.3d 1149 (11th Cir. 2003). There, the defendant was charged with violating 18 U.S.C. section 111, which makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[]" with a federal officer. *Ettinger*, 344 F.3d at 1153 (alterations added; quoting 18 U.S.C. § 111(a)). In *Ettinger*, the defendant similarly argued the district court's use of "knowingly and wilfully [sic]" in its jury instructions meant the Government had to prove he knew the person he hit was a federal officer, and he purposefully hit him for that reason. *Id.* at 1158 (quotation marks omitted); *see also id.* at 1157–60. Not so, said the Eleventh Circuit. The court reasoned section 111 "does not require that an assailant be aware that his victim be a federal officer . . . [;] [A]ll that is required is that the assailant intended to commit an assault." *Id.* at 1160 (alterations added; citation omitted).

5

After all, the court reasoned, "pattern instructions are not precedent and cannot solely foreclose the construction of the necessary elements of a crime as stated in the statute." *Id.* at 1158. Further, the court found the term "knowing[]" does not mean the defendant knew he was committing any particular crime. *Id.* (alteration added). Acting knowingly "only requires the knowing commission of the act" that underlies the crime. *Id.* So, for example, in *Ettinger*, it was enough that the defendant knowingly committed the act of assault (and that the person he assaulted was a federal officer); the Government was not required to show that he knew he was assaulting a federal officer. *See id.* at 1160.

So too here. The inclusion of "knowing" in the Jury Instructions refers to the *conduct* that intimidated the flight attendant rather than the intimidation itself. The statutory text holds Defendant responsible for "assaulting or intimidating a flight crew member or flight attendant of the aircraft, interfer[ing] with the performance" of the crew member or flight attendant. 49 U.S.C. § 46504 (alteration added). "Nothing in the plain language of the statute implies that an additional . . . mens rea should be read into the 'intimidation' element." *Lynch*, 881 F.3d at 817 (alteration added). It is enough that Defendant's acts were "intentional" "and not an honest mistake or accident." *Ettinger*, 344 F.3d at 1158. Defendant does not argue, for example, that he accidentally dropped his phone and somehow opened the camera app and took a photo. He knew he was committing the acts; that is sufficient.

Still, even taking Defendant's interpretation, a reasonable jury could have found him guilty and concluded he was "aware that the [flight attendant] was, in fact, being intimidated by him." (Mot. 6 (alteration added)). Again, any conflicts in the evidence are resolved in favor of the Government, and all inferences that tend to support the Government's case must be accepted. *See Ward*, 197 F.3d at 1079. Cognizant of the fact that all events occurred in the close quarters of an in-flight airplane, the jury heard evidence that: an armed federal law enforcement officer switched

seats and raised his armrest for easier access to the flight attendant; the officer repeatedly brushed up against, verbally harassed, and took close-up, inappropriate photographs and videos of the flight attendant; the flight attendant noticed him taking the photos; and the flight attendant abruptly disappeared from the officer's vicinity while he took an extended bathroom break, abandoning her zone of duty.

This evidence was sufficient for a reasonable jury to have found beyond a reasonable doubt that Defendant knew he was intimidating the flight attendant.[4]  *See United States v. Morley*, 99 F.4th 1328, 1339 (11th Cir. 2024) ("Because guilty knowledge can rarely be established directly . . . a jury may infer knowledge and criminal intent from circumstantial evidence alone." (alteration added; citation and quotation marks omitted)).

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant, Billy Olvera's Motion for Judgment of Acquittal **[ECF No. 59]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of July, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:  counsel of record

---

[4] This conclusion is buttressed by the Fifth Circuit's disagreement with a defendant's similar argument regarding section 46504.  *See United States v. Petras*, 879 F.3d 155, 168–69 (5th Cir. 2018).  There, the defendant contended there was insufficient evidence to show "his words and conduct would have placed an ordinary, reasonable person in fear[,]" in part because he did not "know he was disrupting the flight."  *Id.* at 168 (alteration added).  The Fifth Circuit rejected this argument, finding it "overlook[ed] the abundance of evidence" showing the defendant "was intimidating."  *Id.*