UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-20034-CR-ALTONAGA

UNITED STATES OF AMERICA,
    *Plaintiff*,

v.

BILLY OLVERA,
    *Defendant*.

_____/

<u>DEFENDANT OLVERA'S SENTENCING MEMORANDUM</u>

The Defendant, BILLY OLVERA, herein after referred to as "Olvera", is a 48-year-old military veteran with zero criminal history points. Olvera will stand before this Honorable Court for sentencing on August 23, 2024; scared, ashamed, and extremely remorseful for his conduct in the instant case. Despite having exercised his right to a jury trial, Olvera's desire has always been to accept responsibility for his actions. This is reflected in the fact that, throughout the course of the proceedings and even during trial, Olvera never attempted to deny the fact that he had been surreptitiously taking pictures and recording videos of the victim with his cell phone. Olvera, with the advice of counsel, proceeded to trial solely to dispute what was perceived as an unjust legality pertaining to the *mens rea* element of the specific charge brought by the Government. In fact, prior to trial Olvera attempted to negotiate a resolution where he would enter a guilty plea to the offense of video

voyeurism. It goes without saying this offer was flatly rejected by the Government. Legalities aside, not once has Olvera ever denied his factual guilt and he remains keenly aware of the gravity and seriousness of his actions. Not only did he betray the victim (first and foremost), the airline crewmembers and the public trust, but his behavior has also brought a tremendous amount of shame to his family and damage to his reputation.

Olvera's factual acceptance of responsibility, along with his personal history and characteristics, supports the basis for a sentence at the low-end of the advisory guideline range of 0-6 months as suggested in the PSR.

SENTENCING FACTORS PURSUANT TO TITLE 18 U.S.C. § 3553(a)(1):

Under Title 18 U.S.C. § 3353(a)(1), a defendant's personal history and characteristics should be considered equally with the nature and circumstances of the of the offense. However, the PSR and Sentencing Guidelines give no weight to an individual's personal history and characteristics unless one has prior criminal history. *See Rita v. United States*, 551 U.S. 338, 364-65 (2007) (stating "[t]he [Sentencing] Commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics.").

Accordingly, because this factor has not been included in the calculation of the advisory guidelines in Olvera's Presentence Investigation Report (PSR), he

respectfully requests that the Court consider his personal history and characteristics as grounds for a sentence at the low end of the advisory guidelines in this case.

NATURE AND CIRCUMSTANCES OF THE OFFENSE, 49 U.S.C. § 46504:

On November 6, 2023, Olvera, in his capacity as a Deportation Officer with the United States Immigration and Customs Enforcement (ICE), boarded American Airlines Flight 232 from Dallas, Texas to Miami International Airport (MIA) in Miami, Florida. During the flight, Olvera used his cell phone camera to surreptitiously capture and attempt to capture indecent pictures and videos of the victim as she walked up and down the aisle in the performance of her duties as a flight attendant. Unbeknownst to Olvera, the victim and another flight attendant became suspicious of his behavior and recorded their own video capturing Olvera in the act of using his cell phone to obtain images of the victim as she walked by him. The flight attendants informed the pilots of the incident, who in turn notified authorities on the ground at MIA. Eventually the victim switched designated seats with another flight attendant toward the front of the plane and stayed there for the remainder of the flight. When Olvera disembarked the plane after landing at MIA, he was greeted by law enforcement and his cell phones were seized. Data retrieved from the cell phone confirmed that Olvera had indeed been using the phone's camera to record images of the victim.

HISTORY AND CHARACTERISTICS OF THE DEFENDANT:

Olvera, was 47 years old at the time of the offense. He was born in Laredo, Texas, but spent his early childhood residing in Tampico, in the State of Taulipas, Mexico, until age of 12. At that time, Olvera relocated back to Laredo with his parents and siblings. Olvera experienced a happy childhood, never lacking food or basic necessities, and was reared by parents who remained legally married until his father's passing in 2004. Olvera has one sister, one paternal half-sister, three paternal half-brothers, and one maternal half-brother. However, two of Olvera's half-brothers passed away in 2021. His mother passed away in 2022.

Olvera attended J.W. Nixon High School and became heavily involved in the school's Junior Reserve Officer's Training Corps (JROTC) program where he was promoted to Cadet Captain. *See* Ex.1 (JROTC Awards and Certificates).

Olvera graduated high school in 1995 and enlisted with the United States Marine Corps in 1996. During his military service Olvera was stationed in North Carlonia and abroad in Okinawa, Japan. He attained the rank of E-4 Corporal and was honorably discharged from active duty on July 6, 2000. During his time in the Marines Olvera received several medals and awards in recognition of his exceptional character and good conduct. *See* Ex.2 (U.S.M.C. Awards and Certificates). Olvera is considered a disabled veteran today due to many service-related medical conditions.

After military service, Olvera returned to his home in Laredo and attended college. During this time, he also met his wife, Sara, whom he married on August 19, 2002. Olvera graduated from Laredo Community College with an associate degree in 2002 and went on to obtain a Bachelor of Business Administration Degree from Texas A&M International University in 2003. In 2008, Olvera earned an MBA from Texas A&M International University.

In 2007, Olvera began training with Department of Homeland Security Border Patrol and by 2009, he was employed full-time with the United States Immigration and Customs Enforcement. Olvera completed extensive training, received numerous certifications and various awards during his tenure as an immigration agent and deportation officer. *See* Ex.3 (ICE/Border Parol Awards and Certificates).

In 2017, Olvera was recognized for having devoted fifteen years of service to the United States of America. *See* Ex.4 (15 years of service Certificate)

Throughout the years, Olvera has volunteered his time to fellow veterans, students and the church. *See* Ex.5 (Misc. Community Certificates).

Olvera and his wife welcomed their son in 2009. He is currently 15 years old and is their only child.

Based on Olvera's history and characteristics and the surrounding circumstances of this offense, there are sentencing factors under 18 U.S.C. § 3553(a) that warrant a sentence at the low end of the advisory guideline range.

Olvera's history and characteristics are offered to the Court to provide insight and perspective on a life largely committed to service to the United States. Olvera made a series of terrible choices leading to the commission of the instant offense, an unconscionable lapse in judgment from a man who throughout his career has been recognized for exhibiting exceptional character and morality. His shame in betraying the victim and the public whom he devoted the majority of his life protecting will undoubtedly haunt him forever.

The Supreme Court emphasized that the Court's assessment of the appropriate sentence is to be individual, stating: "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996). Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime." *Williams*, 337 U.S., at 247, 69 S. Ct. 1079, 93 L. Ed.1337; *see also Pennsylvania ex rel. Sullivan v. Ashe*, 302 U.S. 51, 55, 58 S. Ct. 59, 82 L.Ed. 43 (1937).

## CONCLUSION

"If ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the

moment of his sentencing, when his very future hangs in the balance." *United States v. Adelson*, 44 F.Supp. 2d at 514 (2d Cir. 2006).

Olvera recognizes that he committed an extremely serious offense for which he must be punished, but he prays that the Court will consider his otherwise unblemished record of service to this country, the positive impact he has had on the lives of others, and his potential to reintegrate into society to become a productive member of his community.

WHEREFORE, based upon the aforementioned factors it is respectfully requested that the Court grant the Defendant's request for a sentence at the low-end of the guidelines which is not greater than necessary to comply with the objectives of Title 18 U.S.C. § 3553(a)(1-6).

    Respectfully submitted,

    The Law Office of
    ROBERT DAVID MALOVE, P.A.
    200 S.E. 9th Street
    Fort Lauderdale, FL 33316
    Telephone: (954) 861-0384
    e-filing@robertmalovelaw.com

    By: */s/ Robert David Malove*
        Robert David Malove
        FL Bar No: 407283

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of August, 2024, this document was electronically filed with the Clerk of the Court via the CM/ECF filing system and that a copy was thereby served upon all counsel of record.

<u>/s/ Robert David Malove</u>
Robert David Malove